MR. JUSTICE SHEEHY,
dissenting:
I dissent from this improper and unworkable decision relating to the exemption of church-related property.
The majority admit that Rev. Gary Miller, pastor of the church, testified that the property was purchased for convenience and usage and all of the property was used by the school ministry and youth ministry for religious services and fellowship.
The majority have ignored that language in determining that a portion of the church property must be taxed.
This is the testimony which bears on the question:
“Q. I believe that you testified during the course of a direct examination that those particular lots were used for picnics, hayrides, tobogganing and activities of that sort, is that correct? A. (Rev. Miller) Yes, related to our ministries, our youth ministries, our school ministry . . .

“...

“THE COURT: You have a road and you have a baseball diamond on 6, 7, and 8 and 9. There is a road in all three or four.
“THE WITNESS: The road has to be on all of them but maybe 6. That’s not vacant. It’s used everyday.”
*459 In contrast, the Department of Revenue employee testified that he had been on the premises only twice, not on a day when church or school activities were going on, and that he had no direct knowledge of any kind as to the use of the lots with respect to the church ownership.
Lots 6 through 9, and lots 10 through 16 are all used as one unit, and are enclosed in a common fence. There is a baseball diamond located on lots 6 through 9, as well as a roadway which the majority have seen fit to exempt from taxation. The evidence is that the recreational portion of lots 6 through 9 in connection with the school ministry.
This case should be controlled by Flathead Lake Methodist Camp v. Correan M. Webb, County Treasurer (1965), 144 Mont. 565, 399 P.2d 90. In that case, this Court held that that portion of church property used for recreational purposes in connection with its religious educational purposes was entitled to exemption from taxes. I see no difference in the situation existing here, particularly where the testimony indicates that the property is used “everyday” in connection with the ministry of the church.
This case sets a dangerous precedent. Now all church properties will be examined by the Department of Revenue, and those portions of their properties which are not in active use on the two days the Department of Revenue may come by to observe will be subject to taxation.
The real question in cases like this should be whether the church is attempting to gain an exemption for more land than is necessary for its purposes. No such situation exists here. I therefore dissent.